January 22, 2021

The Honorable Ronnie Abrams
United States District Court for the
Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

      RE:   *State of New York,* et al. *v. U.S. Department of the Interior,* et al.,
            1:21-cv-452 (RA)

Dear Judge Abrams:

    I represent plaintiff State of New York in the above-captioned action, which was filed on January 19, 2021.  New York and the other plaintiff states (the "States") are seeking a declaration that a rule promulgated by the U.S. Fish and Wildlife Service on January 7, 2021 is arbitrary, capricious, and otherwise not in accordance with the law under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).  *See* "Regulations Governing Take of Migratory Birds," 86 Fed. Reg. 1134 (Jan. 7, 2021) (the "Rule").  The Rule reinterprets the Migratory Bird Treaty Act ("MBTA") to prohibit only actions directed at migratory birds, which would eliminate liability for incidental take.  That reinterpretation was initially set out in opinion issued by the Department of Interior and then codified in the Rule.

    Pursuant to Rule 1 of this Court's Individual Rules and Practices in Civil Cases, Local Civil Rule 1.6, and Rule 13(a) for the Division of Business Among District Judges in the Southern District, I submit this letter on behalf of the States to notify the Court of two related cases, one pending in this Court and the other on appeal to the Second Circuit.  First, a coalition of environmental nonprofit organizations (the "NGOs") filed an action on January 19 challenging the Rule.  *National Audubon Society, et al. v. U.S. Fish and Wildlife Service et al.*, 1:21-cv-448 (PGG).  Both that action, which was assigned to Judge Gardephe, and this action seek to vacate the Rule because it is inconsistent with the MBTA.  The NGOs also claim that an environmental impact statement regarding the Rule was deficient.  A copy of the complaint in the NGOs' action is attached as Exhibit A to this letter.

    Second, in 2018 a substantially similar group of States and NGOs filed actions in this Court challenging the opinion of the Department of Interior that was subsequently codified in the Rule.  The Court granted summary judgment to plaintiffs, vacating the opinion as being in "direct conflict" with the Migratory Bird Treaty Act's "clear language" and "run[ning] counter to the purpose of the MBTA to protect migratory bird populations."  *See Natural Resources Defense Council et al. v. U.S. Department of the Interior et al.*, Nos. 18-CV-4596 (VEC), 18-CV-4601 (VEC), 18-CV-8084 (VEC), 2020 WL 4605235 at *8-9 (S.D.N.Y. Aug. 11, 2020).  Defendants'

appeal of that decision is pending in the Second Circuit, No. 20-3491.  That action concerns "the same or substantially similar" parties, facts, and events as this action, and, "absent a determination of relatedness[,] there would be a substantial duplication of effort and expense, delay, or undue burden on the Court [and] parties."  *See* Rule 13(a)(1) for the Division of Business Among District Judges in the Southern District.  A copy of the Court's decision granting summary judgment to plaintiffs is attached as Exhibit B to this letter.

I note that the NGOs also intend to notify Judge Gardephe regarding these related cases.

Respectfully submitted,

By: */s/ Matthew Eisenson*
Matthew Eisenson (ME1987)
Assistant Attorney General
Office of the Attorney General of the
State of New York
28 Liberty St, 19th Floor
New York, NY 10005
(212) 416-8459
matthew.eisenson@ag.ny.gov